3 - 0.8 C V 1 2 5 3 - K

ORIGINAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### 1100 COMMERCE ST. SUITE 1452
### DALLAS, TEXAS 75242

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 23 2008

CLERK, U.S. DISTRICT COURT
By_____
Deputy

CAUSE NO. _____

**Styled:** Christopher G. King #1232546, Petitioner

vs.

Hunt County, Namely Don Anderson, Sheriff,
Namely Curtis Neel, Chief Jailer, Namely
Lt. Alford, Grievance officer, individually
and in their official capacities.

**Subject:** Memorandum of Law in support of 28 USC 2254

Presented By:

Christopher G. King #1232546
~~Segovia Unit~~            Beto Unit
~~1302 E. El Cibolo Road~~  Po Box 128
~~Edinburg   Texas   98547~~  Tennessee Colony TX
                              75880
(Ck)

Date Mailed July 22, 2008

"NOT REQUESTING MONEY AWARD"

i

# TABLE OF CONTENTS

COVER LETTER ———————————————————————— i

TABLE OF CONTENTS ———————————————————— ii

IDENTIES OF PARTIES ——————————————————— iii

LIBERAL CONSTRUCTION ———————————————— iiii

STATEMENT OF CASE ——————————————————— 1

GROUNDS PRESENTED —————————————————— 1

STATEMENT OF FACT——————————————————— 2-3

SUMMARY OF ARGUEMENT———————————————— 4

MEMORANDUM OF LAW IN SUPPORT OF USC's 2254 ———— 5-14

CERTIFICATE OF SERVICE ————————————————— 15

APPENDIX SECTION ——————————————————— 16-23

UNSWORN DECLARATION ———————————————— 24

# IDENTITY OF PARTIES

(1) Christopher G. King # 1232546
~~Segovia Jail~~    Beto Unit
~~1201 E El. Cibolo Road~~ (CK) PO Box 128
~~Edinburg, Texas 78541~~ Tennessee Colony Tx
75880

(2) Don Anderson, Sheriff
Hunt County
2801 Stuart Street
Greenville, Texas 75401

(3) Curtis Neel, Chief Jailer
Hunt County
2801 Stuart Street
Greenville, Texas 75401

(4) Lt. Alford, Grievance Officer
Hunt County
2801 Stuart Street
Greenville, Texas 75401

## LIBEREL CONSTRUCTION

Citing <u>Haines v. Kernel</u> 92 S. ct. 594 (1972),
Pro-Use litigants pleadings are to be construed
liberally and held to less strignent standards
than foemal pleadings drafted by lawyers, if
the court can Reasonably Read pleadings to state
a valid claim on which litigant could prevail. A
court should do so despite failure to cite
propee legal authority, confusion of legal theories,
poor syntax and sentence construction, or litigants
unfamiliarity with pleading requirements. (see also
<u>Boag v. Mac Dongall</u> 102 S. ct. 700 (1982)

## STATEMENT OF CASE

Hunt County Detention Center officials, herein after Refered to as HCDC, denied the petitioner his guaranteed Rights of the United States Constution, by depriving the petitioner due process and equal protection of the law, as they acted with deliberate indifference when they knowlingly ignored Requests, as well as, access to the Law library. HCDC officials provided "NO" reasonable, adequate or meaningful access or attempts to provide any or all Required books for Research and defence of his civil case, counsel, paralegal, or any other means to protect the petitioner from harm.

## GROUNDS PRESENTED

(1) Denial of uniform Access to Courts.

(2) Denied Due Process and Equal Protection Clauses.

(3) HCDC acted with Deliberate Indifference

(4) Due to denial of access to Courts, I could not appeal in a timely manner, Respond properly to the Final Order Draft or know if all facts of law were submitted to the court.

(5) Denial of Right to self Representation or to Research the law to determine the Right to counsel dueing trial.

1.

# STATEMENT OF FACT

Petitioner was bench warranted on or about 7-17-07 by the 196 th Judicial District Court, Hunt County, Texas, where he was held by Hunt County Detention Center officials, to determine if evidence existed for the termination of the Parent - Child relationship between Christopher G. King, Petitioner and child subject of suit 71,469 (see Appendix 5)

On 7-20-07 the 196 th Judicial District Court held trial in which Petitioner asked for an attorney or stay the proceedings. Both were denied and trial concluded in one days time, with the Petitioner being appointed a Parent Possessory Conservator of Child (see Appendix 5, on page 3 of 4).

On 8-11-07 Petitioner filed the only grievance available complaining that all requests were going unanswered, and that he was being denied full access to the Law Library, the importance of time sensitive legal work and its time aloted, and (see Appendix 1). In order to research case authority that would support his contention that he should have been appointed counsel being that the suit was dealing with the termination of a Parent - Child relationship. (See Appendix 5) The above resulted in Petitioner not being able to understand and respond appropriately to the Final Order Draft and file a timely appeal.

In responce to the grievance filed on 8-11-07, a letter from the Hunt County Sheriffs office, dated 8-13-07, from Chief Jailer, Curtis Neels' statement is and I quote "Since your case is a civil matter and not a criminal change,

2

## STATEMENT OF FACTS (CONTINUED)

I contacted Texas Commission on Jail Standards. They stated to me that since this is a civil matter, The Hunt County Detention Center is not required to send you to the Law Library or to help you in your "case" (end quote) (see Appendix 2)

On 3-27-08 Petitioner wrote a letter to the Texas Commission on Jail Standards (see Appendix 3) asking if information alledgely given to HCDC was in fact true.

On 4-7-08, Texas Commission on Jail Standards Executive Director, namely Alan Munoz Jr. Responded with the following, and I quote "Reference your letter we received in our office on April 2, 2008. The Texas minimum Jail Standards, **DO NOT address legal access** However, the courts view an attorney, either court appointed or retained, as adequate legal access for pending criminal charges. An inmates right to other legal access **may** be provided in a number of ways to include a Law Library, paralegal, or other means." (end quote) (see Appendix 4)

3.

# SUMMARY OF ARGUEMENT

The Hunt County Sheriff, Don Anderson, Chief Jailer Curtis Neel, and Jail Administrator, Lt. Alford, all at the Hunt County Detention, on or about or between 7-17-07 and 8-13-07, denied Inmate Christopher G. King, Petitioner uniform access to the court while he was at Hunt County Detention Center. And I quote from (Appendix 2) (see also Appendix 1) "Since your case is a civil matter and not a criminal charge, I contacted Texas Commission on Jail Standards. They stated to me (Chief Neel) that since this is a civil matter, The Hunt County Detention Center is not required to send you to the Law Library or to help you in your case". (end quote)

Petitioner alleges that prisoners First and Fourteenth Amendment rights to court access extend to legal activities in defending aginst civil actions, since Petitioner did not waive any Rights or to self representation he should have had access to the Law Library in the same manner an attorney would.

Petitioner asserts that Prisoner's have a fundamental Constitutional right of access to the courts. This right of access to the courts requires Prison authorities to help prisoners Prepare and file meaningful legal papers in one of two ways. They can give an inmate access to a decent Law Library or they can hire people to help you with your case.

A prisoner has to show an "actual injury" and the existance of a non-frivolous legal claim to win an access to courts claim. Due to the actions of HCDC officials, Petitioner was unable to properly defend himself, site case law, his rights or file a timely appeal.

4

Cause No _____

| | | |
|---|---|---|
| Christopher G King # 1232546 | § | United States, District Court |
| Petitioner, Pro-Se | § | Northern District of Texas |
| vs. | § | 1100 Commerce St. Suite 1452 |
| Hunt County, Namely Don Anderson, | § | Dallas, Texas |
| Curtis Neel, Lt. Alford, individually | § | 75242 |
| and in their official Capacities. | § | |

## MEMORANDUM OF LAW IN SUPPORT OF 28 USC 2254

To: The Honorable Judge of said Court

Comes Now, Christopher G King # 1232546, Petitioner Pro-Se, in the above entitled and styled cause of action. In support would show the Honorable Court the following:

### I.
### JURISDICTION

This Court has Jurisdiction over Petitioners' federal Claims Pursuant to 28 USC §§ 1313 and 1343 (a)(3). This Court has Jurisdiction of and over Petitioners state law claim Pursuant to 28 USC §§ 1367

### II.
### VENUE OF CLAIM

The District Court of Dallas, Northern District of Texas, is an appropriate venue under 28 USC § 1391 (b)(2), because a substantial part of the events or omissions giving Rise to the claims occurred in this District.

### III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA States that No action shall be brought

-5-

(Continued from previous page)

with respect to prison condition by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted. 42 USCA § 1997(e)(a). See Gartell v. Gaylor, 981 F. 2d 254, 258 (number 3)(5th Cir. 1993). Baxter v. Estelle 614 F. 2d 1030, 1031-32 (5th Cir 1980) The Supreme Court held that prison conditions refers to everything that happens in prison. Porter v. Nussle 534 U.S. 516 (2002).

Petitioner has exhausted all available administrative remedies (see Appendix (1), (2), (3), (4). The dead line for filing a writ to challenge a prison disciplinary case or other prison condition is one (1) year.

## IV.
## LIMITATION PEROID

Under Lindn v. Murphy 521 US 323, 336 (1997) as it relates to Petitioner's timely filing of 28 USC 2254 the AEDPA provides that (1d)(1) A one year peroid of limitation shall apply to an application for writ of habeas corpus, by a person in custody pursuant to the judgement of state court. The limitation peroid shall run from the latest of:

[D] the date on which the factual predicate of claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's factual predicate would be 8-11-07, the day he filed his grievance in the Hunt County Jail. (See Appendix 2)

# V.
## 28 USC § 2254 IS THE PROPER AND COGNIZABLE FORM

Citing Heck v. Humphrey, 114 S.ct. 2364, 2375 (1994). The civil rights act of 1871; 42 USC § 1983 and § 2254, two statutes that provides access to a federal forum for claims of unconstitutional treatment at the hands of State officials.

The federal habeas corpus statute redress in a State form. See Rose v. Lundy 102 S.ct. 1198 (1982)

Heck at 2367 held: In order to recover damages for unconstitutional treatment, conviction or imprisonments, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. A § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order declared invalid by a State tribunal authorized to make such determination or called into question by a federal courts issuance of a writ of habeas corpus 28 USC § 2254.

Because a claim for damages bearing that relationship to a conviction or sentence has not been so invalidated it is not cognizable under § 1983 (See Preiser v. Rodriguez, 93 S.ct. 1827, 1838-39; see also Broussard v. Johnson CA5 (Tex) 253 F. 3d 814; Broussard v. Johnson 918 F. Supp 1040, 1044 (#1) (Tex 1996). Citing Sandin v. Conner, 115 S.ct. 2293, 2302 (1995) Petitioner is not requesting money damages, rather he is asking the court to confirm that his constitutional rights were violated, as to be called into question, and any relief he may be justly entitled.

# VI.
## LIBEREL CONSTRUCTION

Citing Haines v. Kernel 92 S.ct. 594, (1972), Pro-se litigants pleadings are to be construed liberally and

(continued Liberal construction)

held to less strigent standards than formal pleadings ~~are to be~~ drafted by lawyers if the court can reasonably read pleadings to state a valid claim on which litigant could prevail, A court should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with pleading requirements. See <u>Boag v. Mac Dongall</u>, 102 S.Ct 700 (1982)

## VII
## ARGUEMENTS AND AUTHORTIES

Citing <u>Morange v Fontenot</u> 879 F. Supp. 679 (Tex 1995), were U.S. Magistrate Judge held, that prisoner first and fourteenth Amendment rights to court Access extends to legal activities in defending aginst civil actions. Petitioner did not waive h's right to access. Citing <u>Ruiz v. Estelle</u> 503 F. Supp 1265 (Tex 1980), Access to the courts involves a variety of related rights, including right of access to the Law Library containing basic legal materials, right to legal assistance, right to communicate with the courts, attorneys and public officials and a right to exercise all of the foregoing rights without the fear of punishment or retaliation.
 Citing <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), holding that prisoners have a fundamental constitutional right of Access to the courts. This right of access requires prison authorities to help prisoners in one of two ways. They can give you access to a decent Law Library or they can hire people to help you with your cases. (see 1st and 14th <u>amendments</u>)
 Petitioner asserts due to being denied access to the courts by Hunt County officials, and access

(Cont. Arguements and Authorities)

to the Law Library, he was harmed with prejudice error because it denied him the right to research his cause, so he could file a proper responce and appeal (see Wolf v. McDonnell, 418 U.S. at 578-579, (94 S.Ct at 2986.cite)

Adequate Law Libraries are one constitutionally acceptable method to assure access to the courts, which should provide books of (1) revelant State and federal Statutes, (2) Federal Law Reporters from the past few decades, (3) Shepards Citations, (4) Basic treaties on habeas corpus, prisoners civil rights and criminal law to be adequate. (see Bounds v Smith 430 U.S. 817 (1977)

Hunt County Detention Center officials acted with deliberate indifference to a condition that exposed Petitioner to unreasonable risk of serious harm. (see Helling v McKinney, 509 U.S. 25, 33 (1993)

Petitioner was unable to understand Rights, he had during trial, the Final Order Draft, the Final Order, and its affect on him, and not being able to file an appeal.

Hunt County Detention Center officials denied the Petitioner his guaranteed Rights of the United States Constitution, by depriving him due process and equal protection of the Law, as they acted with deliberate indifference when they knowlingly ignored request, as well as access to the Law Library. HCDC officials provided "NO" reasonable, adequate or meaningful access or attempts to provide any or all required books for research and difence of his civil case, counsel, paralegal or any other means to protect the Petitioner from harm.

# VIII

## PETITIONERS RIGHTS UNDER US CONSTITUTION

The U.S. Constitution is the supreme law of the land. The amendments to the constitution provide individuals in this country with certain Rights within the U.S. Constitution. the main protection against actions by state officials is found in the fourteenth amendment....

No State shall... deprive any person of Life, Liberty or property without due process of law, nor deny any person within its jurisdiction equal protection of the law. (see Turner v Safley 482 U.S. 78 (1987).

A Pro-se prisoner litigating has the right to investigation and documentation of his claims in the manner that any attorney would. (see Anderson v Creighton, 107 S.ct. 3034, 3039 (1987), (see also Siegerts v. Gilley 111 S.ct. 1789, 1792-93 (1991), and Walker v Navarro County Jail 4, F3d 410, 413 (5th Cir 1993).

See TAYLOR v. list 880 F2d 1040 (9th Cir 1993) holding that the 6th amendment right to self Representation includes Right of access to law books, witness and other tools necessary to prepare defence. (See id) See also Ex-parte Shaffer, 649 SW. 2d 300, 302 (Tex 1989)

Citing Hudson v. Palmer, 104 S.ct. 3194, 3198 (1994) holding an inmate has a constitutional Right to access the courts. see also Boddie v. Connecticut, 91 Sct 780, 785 (1971)

- 10 -

# STANDARD OF REVIEW ON 2254

This is a habeas Corpus case brought by a Texas State Prisoner, Christopher G. King # 1232546 under 28 USC §§ 2241, 2254 (West 2007) and 28 USC § 2254 (d)(1) (West 2007)

Petitioner contends that the State Jail under the Direction of Don Anderson, Chief Jailer Curtis Neel and Jail Administrator, Lt Alford, at the Hunt County Detention Centers decision to deny him relief without any reasonable alternative solution in order to access the courts through the Law Library, by having access to books and/or persons to assist him has resulted in a decision that was contrary to and involved an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States, and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 USC § 2254 (d)(1)(2) (West 2007) see also Price V Vincent, 538 US. 634, 639 (2003)

The Hunt County Detention Centers decisions were incorrect and objectively unreasonable and erroneous. See Williams V Taylor 529 US 362, 413 (2000) id Taylor at 411 ; Lockyer V. Andrade, 538 US 63, 75 (2003) Gardner V. Johnson 247 F3d 551, 560 (5th Cir 2001) Hunt County Detention Center officials have not reached at a minimum a Satisfactory conclusion and in error.

Applicant has a cognizable constitutional claim see Williams v. Taylor 120 S.ct. 1479 (2000) In Ex Parte Hawk, 321 US 117, 118 (1944). For example the court stated that a State Prisoner would be entitled to a hearing where the State Court remedies has failed to afford a full and fair adjudication of the federal contention ( see

(Cont. Standard of Review on 2254)

<u>Moore v. Dempsey</u>, 43 S. Ct. 265 (1942)
There Hunt County officials decision would be an unreasonable application of clearly established federal and Supreme Court laws. (see <u>Slack v. Daniel</u>, 529 U.S. 473, 481, 120 S. Ct. 1595 (2000) <u>Miller-El v. Cockrel</u>, 123 S. Ct. 1029 (2003)

Citing <u>Morrow v. Dretke</u> 367 F3d 309, 315 no. 7-9 (5th Cir 2004), The presumption of correctness under AEDPA is accorded adjudications by State court. If the state has rejected a petitioners habeas claim on its merits it has adjudicated the claim.

Citing <u>Valdez v. Cockrell</u>, 274 F3d. 941, 949 0950-51 (5th Cir 2001). The Presumption of correctness erected in its place at 2254 (e)(1), now simply provides that unless the petitioner can rebut the findings of fact they are presumed to be correct. To reintroduce a full and fair hearing requirement that would displace the application of § 2254 (e)(1)'s presumption would have the untenable result of rendering the amendments enacted by Congress a nullity.

In the prefactory paragraph to (d)(1) and (d)(2), the statute provides that an application for writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings. The word "shall" is Mandatory in meaning. (Usee <u>In Re Armstrong</u>, 206 F3d 465, 470 (5th Cir 2000)

The use of "any" makes it clear that this section applies to all cases adjudicated on their merits in State Court. The term "adjudicated on the merits" in State court, like its predecessor "resolution on the merits" refers soley to

-12-

(cont. Standard of 2254 Review)

weather the State court Reached a conclusion as to the substantive matter of a claim as opposed to disposing of the matter for procedural reasons (see Neal v Puckett, 239, 683, 686-87 (5th Cir 2001)

## X
## DELIBERATE INDIFFERENCE

Citing Farmer v. Brennan, 511 us. 825 (1994) In Farmer the supreme court held that an official acts with deliberate indifference when he or she knows that inmates face a substantial Risk of serious harm and disregards that Risk by failing to take Reasonable measures to abate it. (See Billman v. Indiana Dep't of corrections 56 F3d 785, 788 (7th Cir 1995) (see Brennan at 847. Notice that to be deliberate indifference, an official must both (1) know about a risk to an inmate and (2) fail to respond reasonably to that risk. Knowledge of a risk and an unreasonable responce are elements of all claims.

One Judge has used the example of a cobra (a very dangerous snake) to explain deliberate indifference. Imagine that jail or prison officials decide to place an inmate in a cell that has a cobra coiled up in the corner Ready to attack. Are these officials violating the constitution? It depends on what they know. If they do not actually know that there is a cobra in the cell, or even if there is a high probability that a cobra will be there, then they are not deliberate indifference

-13-

Cont. Deliberate Indifference

( they have not violated the Constitution). If, on the other hand, they know that there is a cobra there, or at least that there is a high probability of a cobra there, and do nothing, that is deliberate Indifference ( see Billman at 788. Compare with appendix (1), (2), (3), (4), (5) all pages.

## XI.
## PRAYER FOR RELIEF

Petitioner Prays that this Honorable Court find that Respondents in fact violated his constitutional rights, and deprived him due process and equal protection of the law. In addition there has not an adjudication on the merits, nor has there been a hearing on the subject matter. Petitioner Prays that there be a hearing on the merits, as he is entitled to same, and court should make a determination that his access to court; through the Law Library, Right to self representation were in fact violated. As he is not requesting money judgement or award. He so requests from this court any relief he maybe justly entitled

Petitioner prays for general relief.

Christopher G. King

Christopher G. King #1232546
Petitioner - Pro-Se
~~1201 E. El Cibolo Road~~
~~Segovia Unit~~
~~Edinburg, Texas~~
~~78541~~

Beto Unit
PO Box 128
Tennessee Colony Tx.
75880

-14-

# CERTIFICATE OF SERVICE.

I Christopher G. King # 1232546, do hereby certify that a true and correct copy of the herein memorandum of law in support of USC 2254, was mailed by first class mail postage pre-paid on this the 22nd day of July 2008. addressed to:

United States District Court
Northern District of Texas
1100 Commerce st. Suite 1452
Dallas Texas 75242

x Christopher G. King
Christopher G King # 1232546
Petitioner - Pro-Se
1201 E. El Cibolo Road
Segovia Unit
Edinburg Texas 78511

Beto Unit
P.O. Box 128
Tennessee Colony TX.
75880

- 15 -

# INMATE GRIEVANCE FORM

Lt AlFORD

08-11-07-16

**TO: GRIEVANCE OFFICER**      **FROM:** CHRISTOPHER G. KING

INMATE NAME (Please print) DATE        DATE CONFINED: 7 /20 /07
FILED: 8 / 11 / 07   CELL: S.W. 245

I WISH TO FILE A GRIEVANCE. I CERTIFY THAT MY STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF. (PLEASE PRINT OR WRITE LEGIBLE, INCLUDE ALL DATES, TIMES, AND NAMES OF PEOPLE INVOLVED.)

## STATEMENT

Im being denied full access to the Law Library as Required by law. Ive attempted all possible informal Resolutions Required of my self by Law with the problem uncorrected. Ive written Chief Neil and Sgt. Carter and explained that Ive Recieved time sensitive legal work from Judge Leonard given 10 day from 8-6-07 to Respond to a Final Order draft. Ive talked to Sgt. Beunen and Cpl. Looney and was told this problem would be corrected and wasn't. All my Requests have been unanswered thus far and made all Floor officers working since 8-6-07 to present, aware of this problem and its time aloted, to no avail.

Christopher G. King #63194      **INMATE**
SIGNATURE Christoph K.

Seal this completed form in an envelope and it WILL be delivered to the Grievance Officer.

71469

# APPENDIX-1



# HUNT COUNTY SHERIFF

CRIMINAL JUSTICE CENTER
903-453-6800
Fax 903-453-6822

DON ANDERSON, Sheriff
2801 Stuart Street
Greenville, Texas 75401

Date: 13 August, 2007

To: Inmate King, Christopher G.
From: Chief Jailer Curtis Neel

Ref: Grievance Dated 08/11/2007

Inmate King

I have received your grievance letter that was sent to Lt. Alford, the Jail Administrator. In your letter you stated that Hunt County is denying you access to the law library. In looking at your case, you are in here on a civil matter concerning termination of your rights as a parent, case # 71469.

Since your case is a civil matter and not a criminal charge, I contacted Texas Commission on Jail Standards. They stated to me that since this is a civil matter, The Hunt County Detention Center is not required to send you to the law library or to help you in your case. The law library is still a privilege so you may continue to ask the floor supervisor to go to it. The floor supervisor will make the decision when you can go to the Library. If you need further help with legal matters, then you will need to ask the District Courts for an attorney or you will have to retain one for yourself.

Curtis Neel
Chief Jailer
Hunt County Sheriff's Office

C/c  Lt Alford
     Sgt Bruner
     Cpl Looney
     Cpl Dandurand

APPENDIX - 2

-17-

RECEIVED
APR 2 2008
TEXAS COMMISSION
ON JAIL STANDARDS

Dear Sir or Madam,

I'm writing in Regaurds to obtaining some information. In 2007, was it enforceable by law for inmates in a County Jail setting, be denied access to the Law Library in cases concerning termination of parental Rights, once an Attorney Ad litem has been denied? Please list the Rights of County Jail inmates and their Rights to access the Courts, any articals, code and or law, by which any may be found in support of or denied.

I have written the Attorney General in support of tring to obtain this information and Refered to the Texas Commission on Jail Standards. All of your assistance, time, concern and responce is greatly appreciated and would like to thank you in advance for doing so.

Christopher King # 1232546
Segovia Unit
1201 EL. Cibolo Rd.
Edinburg Tx 78541

APPENDIX - 3

- 18 -

# TEXAS COMMISSION ON JAIL STANDARDS

**EXECUTIVE DIRECTOR**

**Adan Munoz, Jr.**



P.O. Box 12985
Austin, Texas 78711
Voice: (512) 463-5505
Fax:    (512) 463-3185
Agency Website: http://www.tcjs.state.tx.us
E-mail Address: adan.munoz@tcjs.state.tx.us

April 7, 2008

Christopher King #1232546
Segovia Unit
1201 El Cibolo Road
Edinburg, Texas 78541

Dear Mr. King:

Reference your letter we received in our office on April 2, 2008.  The Texas Minimum Jail Standards **do not address legal access**.  However, the courts view an attorney, either court appointed or retained, as adequate legal access for pending criminal charges.  An inmate's right to other legal access **may** be provided in a number of ways to include a law library, paralegal, or other means.

Sincerely,

*Adan Munoz, Jr*

Adan Munoz, Jr.
Executive Director

Enc.

-19-

**APPENDIX - 4**

---

**Sheriff David Gutierrez, Chair**                    **Stanley D. Egger, Abilene**                    **Kelly Moyer, Magnolia**
**Albert L. Black, Austin**                    **Sheriff Mark Gilliam, Rockport**                    **Dr. Michael M. Seale, M.D., Houston**

"The Commission on Jail Standards welcomes all suggestions and will promptly respond to all complaints directed against the agency or any facilities under its purview".

NO. 71,469

| | | |
|---|---|---|
| I N THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| DEAMBER SHA KING | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## FINAL ORDER

1.    *Date of Hearing*

On July 20, 2007 the Court heard this case.

2.    *Appearances*

Petitioner, Gary L. Carman, appeared in person and through attorney of record, Jack L. Paris, Jr., and announced ready for trial.

Petitioner, Rita Carman, appeared in person and through attorney of record, Jack L. Paris, Jr., and announced ready for trial.

Respondent, Stephanie Lynn Carman, has made a general appearance and has agreed to the terms of this order to the extent permitted by law

Respondent, Christopher Glenn King, Sr., appeared in person and requested appointment of an attorney to represent him and the Court denied such request.

The Court finds that Gary L. Carman and Rita Carman, parties to the suit, have no interest adverse to the child the subject of this suit and would adequately represent the interest of the child. No attorney ad litem or amicus attorney was necessary, and none was appointed.

3.    *Jurisdiction*

The Court, after examining the record and hearing the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.  All persons entitled to citation were properly cited.

4.    *Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

5.    *Record*

The record of testimony was duly reported by the court reporter for the 196th Judicial District Court.

6.    *Child*

The Court finds that the following child is the subject of this suit:

**APPENDIX - 5**

Name:  DeAmber Sha King
Sex:  Female
Birth date:  October 14, 1995

7.      *Termination*

Mother.

The Court finds by clear and convincing evidence that Stephanie Lynn Carman has-

a.      executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided for by chapter 161 of the Texas Family Code.

The Court also finds by clear and convincing evidence that termination of the parent-child relationship between Stephanie Lynn Carman and the child the subject of this suit is in the best interest of the child and that all prior child support obligations of Stephanie Lynn Carman are hereby extinguished.

IT IS THEREFORE ORDERED that the parent-child relationship between Stephanie Lynn Carman and the child the subject of this suit is terminated and that all prior child support obligations are extinguished and are not of any force or effect.

Father.

The Court does not find by clear and convincing evidence that termination of the parent-child relationship between the alleged father, Christopher Glenn King, Sr., and the child the subject of this suit would be in the best interest of the child at this time.

The Court further finds that subject to the provisions of Sec. 161.004 of the Texas Family Code that upon the filing of further motion/petition with respect to Christopher Glenn King, Sr., all testimony and evidence received by the Court on July 20, 2007 may be considered and used in support of the termination of the father's relationship.

IT IS THEREFORE ORDERED that the parent-child relationship, continues and does exist between Christopher Glenn King, Sr. and the child the subject of this suit.

8.      *Interstate Compact*

The Court finds that a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by section 162.002 of the Texas Family Code is not necessary in this case.

9.      *Managing Conservators*

IT IS ORDERED that Stephanie Lynn Carman is removed as a parent Joint Managing Conservator of the child the subject of this suit.

IT IS ORDERED that Gary L. Carman is appointed nonparent Joint Managing Conservator of the child the subject of this suit, the Court finding this appointment to be in the best interest of the child.

IT IS ORDERED that Rita Carman is appointed nonparent Joint Managing Conservator of the child the subject of this suit, the Court finding this appointment to be in the best interest of the child.

IT IS ORDERED that Christopher Glenn King, Sr. is appointed a parent Possessory Conservator of the child the subject of this suit with rights of vistation and obligation for child support upon his release from prison.

IT IS ORDERED that Gary L. Carman and Rita Carman shall, each twelve months after the date of this order, file with the Court a report of facts concerning the child's welfare, including the child's whereabouts and physical condition.

10.    *Further Orders*

IT IS ORDERED that there shall be no smoking around the subject child, in automobile, indoors, or elsewhere in the presence of the child.

11.    *Child Support*

The Court finds Christopher Glenn king, Sr., should be obligated to pay and is hereby ORDERED to pay periodic child support for the minor child, Damber Sha King, upon his release from prison in an amount established by and pursuant to the Guidelines of the Texas Family Code in effect as of that date.

12.    *Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

13.    *Medical History Report*

IT IS ORDERED that Stephanie Lynn Carman shall provide information regarding the medical history of Stephanie Lynn Carman and Stephanie Lynn Carman's ancestors.

14.    *Medical History Report*

IT IS ORDERED that Christopher Glenn King, Sr. shall provide information regarding the medical history of Christopher Glenn King, Sr. and Christopher Glenn King, Sr.'s ancestors.

15.    *Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

This Order of Termination judicially PRONOUNCED AND RENDERED in court at Greenville, Hunt County, Texas, on July 20, 2007, and further noted on the court's docket sheet on the same date, but signed on ___8/17/07___.

\\idanell\ProDoc\CLIENTS\Carman, Gary\30928\Order of Termination.doc

ORIGINAL SIGNED BY
JOE H. LEONARD, JUDGE

_____

JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Jack L. Paris, Jr., P.C.
Attorney at Law
P. O. Box 8277
Greenville, Texas 75404-8277
(903) 455.5797
(903) 455.6205 FAX

By:_____
    Jack L. Paris, Jr.
    State Bar No. 15461500
    Attorney for Gary L. Carman and Rita Carman

APPROVED AND CONSENTED TO FORM:

_____

Christopher Glenn King, Sr.

-23-

FOR OFFENDER USE:

# <u>UNSWORN  DECLARATION</u>

I _Christopher       King_ , T.D.C.J.-ID# _1232546_ , being

presently incarcerated on the ~~Manuel Segovia~~ Unit of the Texas Department of Criminal Justice

– Institutional Division in ~~Hidalgo~~ Anderson County, Texas do declares under Penalty of Perjury that the

foregoing instrument is true and correct to the best of my knowledge.  Pursuant to Federal Law

{28 U.S.C. 1746 and State Law (V.T.C.A. Civil Practice and Remedies code 132.001 -

132.003)}.

Executed on this the _21st_ day of _July_ _2008_, ~~2007.~~

_(Signature)_