IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER G. KING<br>    Plaintiffs, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 3-08CV-1253-K-BF |
| | §<br>§ | |
| HUNT COUNTY, TEXAS, DON<br>ANDERSON, CURTIS NEEL, and BRIAN<br>ALFORD<br>    Defendants. | §<br>§<br>§<br>§ | |

## **DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARYJUDGMENT**

Defendants, Hunt County, Texas ("Hunt County"), Don Anderson, Curtis Neel, and Brian Alford (collectively "Defendants"), file this Brief in support of their Motion for Summary Judgment.

### **I. Summary**

1. Plaintiff alleges that Defendants violated his constitutional right to access to the courts by refusing to grant him access to the Hunt County law library to litigate a child custody case. However, a prisoner's right to access to the courts is limited to legal claims challenging their convictions or conditions of confinement. As such, summary judgment is proper as a matter of law on each of Plaintiff's claims as Plaintiff's entire lawsuit is premised upon a constitutional right that does not exist. Even if such a right existed, summary judgment is proper because Plaintiff cannot establish an actual injury. His parental rights were not terminated, he was appointed a possessory conservator, and could not have been appointed managing conservator in the proceeding because he was incarcerated. Moreover, the only damages alleged by Plaintiff are between $12,000.00 and $25,000.00 in attorney's fees for his time working on the case which he is not entitled to because he is not an attorney, $40.00 gas to attend his

deposition, and $25.00 to $30.00 for certified mailing fees. Accordingly, Plaintiff's claims of denial of access to the Hunt County Law library lack an arguable basis in law and should be dismissed with prejudice as frivolous against all Defendants.

## II. Summary Judgment Evidence

2.　Pursuant to the Local Civil Rules of the United States District Court for the Northern District of Texas, Defendants supplement this Brief with an Appendix of Summary Judgment Evidence ("Appendix"). Defendants fully incorporate herein for all purposes the summary judgment evidence in their Appendix and cite to it in this Brief in support of the facts stated herein.

## III. Facts and Procedural History

3.　In July of 2007, Plaintiff was a prisoner incarcerated within the Texas Department of Corrections System. On or about July 17, 2007, Plaintiff was bench warranted to the 196th Judicial District Court, Hunt County under Cause No. 71,469 to determine if evidence existed for the termination of his parental rights to one of his children.[1]

4.　On July 20, 2007, the Court heard the case and in conjunction with hearing the case denied Plaintiff's request for appointment of an attorney or a stay of the proceedings.[2]

5.　On or about August 6, 2007, Plaintiff was provided with a proposed final order and given ten (10) days to object to the proposed order by the Court.[3] At which time, Plaintiff requested and was denied access to the Hunt County law library for the purpose of child custody case.[4]

---

[1] Plaintiff's Memorandum of Law, p. 2, Appendix 5; Defendants' Appendix, Exhibit 1, at 7, lines 10-13.
[2] Plaintiff's Memorandum of Law, p. 2.
[3] Plaintiff's Memorandum of Law, Appendix 1.
[4] Defendants' Appendix, Exhibit 1, at 6, lines 22-25 & at 7, lines 1-13.

6. On or about August 17, 2007, the Court entered a Final Order terminating the rights of the child's mother, Stephanie Lynn Carman, appointing Ms. Carman's parents, Gary L. Carman and Rita Carman, as joint managing conservators of the child, and appointing Plaintiff as a possessory conservator of the child.[5] After issuance of the Final Order, Plaintiff was transferred back to the Texas Department of Corrections.[6]

7. To date, Plaintiff has not appealed the Order or filed any other pleading in the custody matter.[7]

8. Nearly a year later, on or about July 23, 2008, Plaintiff filed his Complaint and Brief in Support of Motion against Defendants alleging (1) denial of uniform access to the courts, (2) denial of due process and equal protection clauses, (3) deliberate indifference, and (4) denial of right to appeal due to denial of access to the law library.[8] During his deposition, Plaintiff indicated that each of his complaints is founded Hunt County's denial of meaningful access to the law library.[9]

9. According to Plaintiff, he is seeking (1) a ruling directing Hunt County to admit that they violated his constitutional rights; (2) a ruling ordering Hunt County to allow prisoners use of the law library to defend civil matters; (3) reasonable attorney's fees between $12,000.00 and $25,000.00; and (4) any other relief the Court feels Plaintiff is entitled.[10] Aside from his request for attorney's fees, Plaintiff is not requesting any monetary damages.[11]

---

[5] Plaintiff's Memorandum of Law, Appendix 5.
[6] Defendants' Appendix, Exhibit 1, at 22, lines 16-19.
[7] Defendants' Appendix, Exhibit 1, at 58-59.
[8] *See* Complaint & Plaintiff's Memorandum of Law.
[9] Defendants' Appendix, Exhibit 1, at 32, lines 20-25, 49, lines 6-15, & 66, lines 5-10.
[10] Defendants' Appendix, Exhibit 1, at 28 & 64-66.
[11] Defendants' Appendix, Exhibit 1, at 28 & 64-66.

## IV. Argument and Authority

10. Summary judgment is proper when there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.[12] "[T] plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motin, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burdern of proof at trial." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The movant bears the burden of proving that there is no genuine issue of material fact. *Id.* The respondent may not rest on the mere allegations or denials in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

11. The *gravamen* of Plaintiff's entire lawsuit is that he was not provided meaningful access to the Hunt County law library for the purpose of defending the child custody lawsuit.[13]

A. <u>Summary Judgment is Proper as a Matter of Law Because Plaintiff Does not Have a Constitutional Right to Access to the Courts for Family Law Matters.</u>

12. Contrary to Plaintiff's allegations, a prisoner's constitutional right to access to the courts is limited to claims challenging convictions or conditions of confinement.[14] A prisoner does not have a constitutional right to access to the prison law library for purposes of defending family law or insurance litigation.[15]

13. The United States Supreme Court first recognized a prisoner's right to access to the courts in *Bounds v. Smith, et al*, holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of

---

[12] Fed. R. Civ. P. 56(c).
[13] Defendants' Appendix, Exhibit 1, at 32, lines 20-25, 49, lines 6-15, & 66, lines 5-10.
[14] *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).
[15] *See Amir-Sharif v. Dallas County*, 2006 U.S. Dist. LEXIS 95827 at 15 (N.D.Tex. 2006).

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.[16] However, in *Lewis v. Casey* the Supreme Court limited the holding of *Bounds* to matters attacking the prisoner's conviction or conditions of confinement.[17]

> In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental **(and perfectly constitutional) consequences of conviction and incarceration**.[18]

14. In *Amir-Sharif v. Dallas County*, the prisoner claimed that his constitutional right to access to the courts was violated when he was denied adequate access to the law library and indigent writing and mailing supplies in order to pursue his legal rights in a divorce action and a civil action against an insurance adjuster.[19] Consistent with *Bounds*, *Lewis*, and *Johnson*, the Northern District stated that "[t]his right of access for prisoners is not unlimited, however; rather, it encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or confinement.[20]" Ultimately, the Northern District held that because Plaintiff sought access to the law library to litigate family law and insurance matters he could not satisfy the "actual injury" requirement and dismissed his claims as frivolous lacking any arguable basis in law.[21]

15. In the case at bar, the underlying action was a family law custody dispute. Following *Bounds*, *Lewis*, and *Amir-Sharif*, Plaintiff did not have a constitutional right to access the Hunt County law library for purposes of defending the child custody dispute. Consequently,

---

[16] *Bounds v. Smith, et al*, 97 S. Ct. 1491, 1498 (1977).
[17] *Johnson*, 110 F.3d at 310.
[18] *Lewis v. Casey*, 116 S. Ct. 2174, 2182 (1996).
[19] *Amir-Sharif*, 2006 U.S. Dist. LEXIS 95827 at 13-14.
[20] *Id.* at 14.
[21] *Id.* at 15-16.

Defendants did not violate Plaintiff's constitutional rights and summary judgment is proper on each of Plaintiff's claims as a matter of law.

B.    <u>Even if Plaintiff were Entitled to Access to the Hunt County Law Library, Summary Judgment is Proper Because Plaintiff Cannot Establish an Actual Injury.</u>

16.    Assuming *arguendo*, that Plaintiff had a constitutional right to access the Hunt County law library to defend the child custody case, summary judgment is still proper as a matter of law because Plaintiff cannot demonstrate that said deprivation caused an "actual injury."

17.    In *Lewis*, the Supreme Court held that an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct.[22] Without proving an actual injury, a prisoner cannot prevail on an access to the courts claim.[23]

18.    In the case at bar, Plaintiff seeks (1) a ruling directing Hunt County to admit that they violated his constitutional rights; (2) a ruling ordering Hunt County to allow prisoners use of the law library to defend civil matters; (3) reasonable attorney's fees between $12,000.00 and $25,000.00; and (4) any other relief the Court feels Plaintiff is entitled.[24] Aside from his request for attorney's fees, Plaintiff is not requesting any monetary damages.[25]

19.    However, as previously stated, prisoners do not have a constitutional right to access a law library for matters unrelated to their conviction or the conditions of their confinement. As such, Plaintiff is not entitled to requested rulings (1) and (2). With regard to requested ruling (3), Plaintiff cannot recover attorney's fees for the time he has worked on this matter because Plaintiff is not an attorney and has represented himself *pro se* at all times during the pendency of this matter. With regard to Plaintiff's entitlement to other relief, Plaintiff

---

[22] *Lewis*, 116 S. Ct. at 2184-86.
[23] *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).
[24] Defendants' Appendix, Exhibit 1, at 28 & 64-66.
[25] *Id.*

specifically testified at his deposition that he is not seeking monetary damages other than attorney's fees (to which he is not entitled).

20. At his deposition, Plaintiff indicated that he believed that if he had been provided access to the Hunt County law library, the family law court probably would have appointed him as managing conservator of the child.[26] However, such a ruling would have been impossible given the fact that Plaintiff was incarcerated at the time. Nevertheless, Plaintiff's parental rights were not terminated at the hearing, and he was appointed a possessory conservator of the child.[27] Even if he had been provided access to the law library, Plaintiff could not have garnered a better outcome to the hearing.

21. Because Plaintiff cannot establish an "actual injury" summary judgment is proper as a matter of law.

## V. Conclusion

22. For the reasons set forth above, Plaintiff's claims of denial of access to the law library lack an arguable basis in law and should be dismissed with prejudice as frivolous.[28] As such, Defendants respectfully requests that their Motion for Summary Judgment be granted.

---

[26] Defendants' Appendix, Exhibit 1, at 14, lines 26 & 17, lines 13-17.
[27] Plaintiff's Memorandum of Law, Appendix 5.
[28] *Amir-Sharif,* 2006 U.S. Dist. LEXIS 95827 at 16.

Respectfully submitted,

*[signature]*

**DANIEL W. RAY** (Attorney-in-Charge)
State Bar No. 24046685
**BRENT A. MONEY**
State Bar No. 24032054
**ANDREW D. THOMAS**
State Bar No. 24060714

**SCOTT, MONEY & RAY, PLLC**
PO Box 1353
2608 Stonewall
Greenville, Texas 75403-1353
(903) 454-0044
(903) 454-1514 (fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic service pursuant to Federal Rule of Civil Procedure 5(b)(2)(d) and Local Rule CV-5(a)(3) and/or certified mail, return receipt requested on this 16th day of April 2009.

*[signature]*
_____
Andrew D. Thomas