# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER G. KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:08-CV-1253-K (BF) |
| | ) |
| HUNT COUNTY, TEXAS, DON | ) |
| ANDERSON, CURTIS NEEL, and BRIAN | ) |
| ALFORD, | ) |
| | ) |
| Defendants. | ) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for pretrial management. Defendants' Motion for Summary Judgment and Plaintiff's Motion for Judgment are before the court for Findings, Conclusions, and Recommendation. After consideration of the entire record, the Court recommends that the District Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Judgment.

## Background

Plaintiff brings a claim under 42 U.S.C. § 1983, alleging Defendants violated his constitutional right to access the courts by refusing to grant him access to the Hunt County law library to litigate a child custody case.

## Standard of Review

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either

party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where, as here, a case is presented by way of cross-motions for summary judgment, each movant has the burden of producing evidence to support its motion. A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

## **Undisputed Facts**

In July of 2007, Plaintiff was a prisoner incarcerated within the Texas Department of Corrections System. On or about July 17, Plaintiff was bench warranted to the 196th Judicial District Court, Hunt County to determine if evidence existed for the termination of his parental rights to one of his children. (Pl. Mem. of Law 2.) The court heard the case on July 20, 2007. (Pl. Mem. of Law App. 5.) Plaintiff's request for appointment of an attorney and a stay of the proceedings was denied. (*Id.*)

On or about August 6, 2007, Plaintiff received a proposed final order and was given ten days

to object. (Pl. Mem. of Law App. 1.) Plaintiff then requested and was denied access to the Hunt County law library for the purpose of the child custody case. (Def. App. Ex. 1.) On or about August 17, 2007, the court entered a Final Order terminating the rights of the child's mother, appointing the mother's parents as joint managing conservators, and appointing Plaintiff as a possessory conservator of the child. (Pl. Mem. of Law App. 5.) Plaintiff was then transferred back to the Texas Department of Corrections. (Def. App. Ex. 1.) He has not appealed the Final Order or filed any other pleading in the custody matter.

## Analysis

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith, et al.*, 430 U.S. 817, 821 (1977). This right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in law." *Id.* at 828. In order to prevail on a claim for denial of access to the courts, an inmate must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). In other words, the denial of access must have hindered the inmate's efforts to pursue a legal claim. *Id.* at 351. However, the actual injury requirement is not satisfied by any type of frustrated legal claim, but, rather, is limited to matters challenging the prisoner's conviction or conditions of confinement. *Id.* at 354-55; *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997). Because Plaintiff sought access to the Hunt County law library to litigate his child custody case, a matter unrelated to his conviction or conditions of confinement, he cannot demonstrate an actual injury. Therefore, Plaintiff's claim fails as a matter of law.

**Recommendation**

The Court recommends Defendant's Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Judgment be DENIED.

SO RECOMMENDED, October 1, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).